EXHIBIT 18



**AMAZON SELLERS ATTORNEY**

9350 Wilshire Blvd, Suite 203, Beverly Hills, California 90212
(888) 806-2440 • (310) 867-6072
www.AmazonSellers.Attorney

Kenneth G. Eade, Esq.
info@AmazonSellers.Attorney

Michael Brandt, Esq.
Michael@AmazonSellers.Attorney

March 10, 2025

BY U.S. MAIL AND EMAIL

Pavel Kolmogorov, Esq.
Kolmogorov Law, PC
327 Magnet
Irvine, CA 92618
pavel@kolmogorovlaw.com

Re:    **Your Letter of March 9, 2025 Regarding Nexa Nova Parties**

Dear Mr. Kolmogorov,

I am in receipt of your letter of March 9th. I assume you are not representing Vladimir Cerneatovic, and Develup Private Enterprise and Infinius Investments Limited, is that correct? In that event, I will continue to correspond directly with them.

Your admission to the fact that Mr. Ardatovskiy and Develup PE developed the front end works is important because this is the most important aspect of the computer program. It is the part of the application that users directly interact with. It encompasses everything that users see and experience, including layouts, designs, text, images, buttons, and navigation menus. Front-end development focuses on crafting this user interface to ensure an intuitive and responsive experience. You should also note that Develup warranted to deliver to my client a fully functional app, free of "any bugs, errors, faults and to maintain the App free of any errors, bugs, faults and in a fully operating condition satisfactory to the Principal."

Although I didn't mention Mr. Ardatovskiy's breach of the non-disclosure agreement (which he did, in fact, breach by stealing my client's trade secrets while at work in my client's home on his computer) it is interesting to note that you think we are limited to Hong Kong as a jurisdiction in a copyright infringement case with publications of computer applications on the Apple Store in the United States as well as the Google Play store in the United States, not to mention delivery of the website to U.S. consumers through Cloudflare's servers in California.

It boggles the mind to conceive of how the same development company could develop software that performs exactly the same function "independently" and it will be interesting to see how this is presented in court, especially with regard to the fact that the contract Develup signed with my client gives my client ownership of any future works.

Finally, with regard to the Railmonsters trademark application, Develup also assigned to my client all future intellectual property rights *"that may arise in relation to any intellectual property rights which the Executor (Develup) has or will have in any existing or future works resulting out of the App, Design and Code and hereby acknowledges that such rights belong to my client, and it appointed my client as attorney in fact to "execute

March 10, 2025
Page 2

documents, use the Executor's name and do all things which are necessary or desirable for the Principal to obtain for itself or its nominee the full benefit of any such rights."

My client has the absolute right to all intellectual property associated with the stolen computer program and he did nothing fraudulent or illegal in seeking to register that intellectual property and to use it in the United States. Moreover, nothing I did constitutes unethical conduct reportable to the State Bar and you should note that your conduct in threatening to report me to the State Bar is a violation of Rule 3.10 of the Rules of Professional Conduct, which states: "A lawyer shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute."

Your clients still may have a chance at an early settlement of this dispute by merely taking down the website and the apps and covenanting not to use them in the future. In the meantime, please remind your clients of their obligation against spoilation of the evidence and to retain **all** versions of the computer programs, including but not limited to source code, html, style sheets, script, design assets, wireframes, mockups, prototypes, technical documentation, user manuals and guides, text content, media assets, server configurations, environment variables, deployment scripts, test cases and reports, maintenance schedules and support documentation of both the Rail Ninja apps and Railmonster website and apps, pursuant to Federal Rule of Procedure 37e.

Sincerely,

Kenneth Eade