Benjamin K. Riley (CA SBN 112007)
 *briley@bartkopavia.com*
Sony B. Barari (CA SBN 243379)
 *sbarari@bartkopavia.com*
**BARTKO PAVIA LLP**
1100 Sansome Street
San Francisco, CA 94111
Tel.: (415) 956-1900

Thomas Bejin (*pro hac vice*)
 *tbejin@taftlaw.com*
William K. Broman (*pro hac vice*)
 *wbroman@taftlaw.com*
**TAFT STETTINIUS & HOLLISTER LLP**
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Tel.: (248) 351-3000

Rachel S. Horn (CA SBN 335737)
 *rshorn@taftlaw.com*
**TAFT STETTINIUS & HOLLISTER LLP**
301 East Fourth Street, Suite 2800
Cincinnati, Ohio 45202
Tel.: (513) 381-2838

*Attorneys for Plaintiffs/Counterclaim Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VYACHESLAV SHIROKOV and FIREBIRD GT LIMITED,<br><br>          Plaintiffs/Counterclaim Defendants,<br>     v.<br><br>YAN ARDATOVSKIY, DEVELUP PRIVATE ENTERPRISE, STEPAN BURLAKOV, NEXA NOVA TECHNOLOGIES, LTD., INFINIOUS INVESTMENTS, LIMITED, and VLADIMIR CHERNYATOVICH,<br><br>          Defendants/Counterclaim Plaintiffs. | Case No. 25-cv-02701-EMC<br><br>**PLAINTIFFS' RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL (RESPONSE TO DKT. 134)**<br><br>Judge: Hon. Edward M. Chen |

Pursuant to Civil L.R. 7-11 and 79-5(c), Plaintiffs Vyacheslav Shirokov and Firebird GT Limited ("Plaintiffs") respectfully submit this Renewed Administrative Motion to File Under Seal ("Administrative Motion") in connection with narrowed sealing requests pursuant to the Court's January 14, 2026 Order Denying Without Prejudice Plaintiffs' Administrative Motion to File Under Seal (Dkt. No. 134) ("Order"). This Administrative Motion is accompanied by the Declaration of Vyacheslav Shirokov ("Shirokov Declaration" or "Shirokov Decl.") and a [Proposed] Order.

Defendants' Motion to Compel Amended Trade Secret Disclosure ("Motion") and Plaintiffs' Opposition thereto ("Opposition") describe, quote from and discuss in detail Plaintiffs' trade secret identification document, which Plaintiffs originally disclosed to Defendants on an "Outside Counsel's Eyes Only" basis and which contains highly confidential and trade secret information. The Court having ordered that Plaintiffs' trade secret identification document and the Motion be presumptively filed under seal (*see* Dkt. No. 115 at 9:16–17), the parties filed administrative motions to file the Motion, Opposition, and exhibits thereto partially or fully under seal (Dkt. Nos. 114, 118, 121). The Court thereafter denied the sealing motions without prejudice and ordered the parties to attempt to agree upon narrowed sealing requests. (Dkt. Nos. 126, 134.)

Although Defendants previously stipulated and did not object to the narrowed sealing requests previously filed as Dkt. 132 (Shirokov Decl. ¶ 12), Defendants refused to agree to Plaintiffs' now even narrower sealing requests or to join this Administrative Motion, stating that they believed the requests were "inconsistent with the Court's prior order." For the reasons stated herein, Plaintiffs disagree, and do not believe that substantive disputes over the confidentiality of Plaintiffs' asserted trade secrets should be litigated in the context of a sealing motion.

As the identified information sought to be sealed is Plaintiffs' confidential business information, Plaintiffs submit herewith the Shirokov Declaration, which attests to the sealed information's confidentiality and provides context for sealing is necessary. In particular, even if the sealed information is not ultimately found to meet the legal definition of a trade secret, it is still information that is confidential and proprietary to Plaintiffs' business, not generally known, and competitively sensitive. Shirokov Decl. ¶¶ 4–6. Plaintiffs should not be required to publicly disclose

information that could facilitate competitors' ability to reverse-engineer certain asserted trade secrets, such as by revealing to them the unique business challenges that Plaintiffs' solutions were designed to solve, or the components of the road map that would allow competitors to reconstruct what Plaintiffs have learned is required for a successful agency business. *Id.* ¶¶ 6, 10–11.

A party seeking to seal material is required to establish that the document, or portions thereof, are sealable. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178, 1182 (9th Cir. 2006). The public's right of access to court records is somewhat diminished with respect to records attached to non-dispositive motions. *Id.* at 1179 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Accordingly, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) warrants sealing in connection with a non-dispositive motion. *Kamakana*, 447 F.3d at 1179–1180. "The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide both good cause and compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The Motion is a non-dispositive discovery motion, so a showing of "good cause" suffices to establish the need for sealing the Motion, exhibits thereto, and the Opposition. *See, e.g.*, *Wisk Aero LLC v. Archer Aviation Inc.*, 2022 WL 6251047, at \*2 (N.D. Cal. Sept. 8, 2022) (finding "good cause" to seal portion of discovery brief that described details of a party's alleged trade secrets). Here, good cause exists to seal the remaining narrowly-tailored requested material, because public disclosure of Plaintiffs' highly sensitive trade secret and confidential business information would create a significant risk of business and competitive harm for Plaintiffs—as more fully explained and attested to in the Shirokov Declaration. While Plaintiffs greatly respect the public's interest in accessing judicial proceedings, even in a trade secret case, Plaintiffs must be cautious to ensure that the information disclosed to the public does not inadvertently facilitate reverse-engineering of Plaintiffs' asserted trade secrets. The proposed narrow redactions represent Plaintiffs' good-faith attempt to implement the Court's guidance and make the bulk of the proceedings available to the public, while continuing to guard the trade secrets that are the subject of this litigation.

The following table identifies the portions of the Motion and Opposition that Plaintiffs seek to keep under seal. Attached to the [Proposed] Order, and filed provisionally under seal, are Exhibits 1 and 2, which consist of unredacted copies of the Motion and Opposition respectively, with yellow highlighting to indicate the portions Plaintiffs request remain under seal. Plaintiffs do not believe any part of the Court's Order (Dkt. 134) need remain under seal.

| Material to Be Sealed | Reason(s) for Sealing |
|---|---|
| **Exhibit 1** to the [Proposed] Order (Defendants' Motion to Compel Amended Trade Secret Disclosures), highlighted portions at: | The Motion discusses in depth Plaintiffs' descriptions of the trade secrets they assert in this case and other highly confidential business information. Plaintiffs assert that the public disclosure of Plaintiffs' trade secrets and other highly confidential business information would threaten to undermine trade secret protection and would cause a substantial risk of serious competitive harm, particularly because the Motion includes highly confidential information about a variety of aspects of Plaintiffs' business, which if disclosed collectively would provide competitors with a road map to replicating Plaintiffs' entire business. <br><br> **Plaintiffs' specific reasons for sealing each highlighted portion are described further below.** |
| Page 4, lines 16, 18 <br><br> Page 5, lines 3, 15 <br><br> Page 6, lines 24, 26–28 | These portions reveal Plaintiffs' confidential information regarding the categories of data Rail Ninja collects and incorporates into its pricing model, and the geographic regions which Plaintiffs have realized are most profitable. Plaintiffs consider it to be confidential economically valuable not only how this information is used, but *which* categories and types of information they collect. (Shirokov Decl. ¶ 9.) |
| Page 7, lines 14–15 <br><br> Page 8, lines 6–7 <br><br> Page 9, lines 15, 17–18, 24–25 <br><br> Page 10, lines 19–20 <br><br> Page 13, line 28 <br><br> Page 14, lines 2, 7–8 <br><br> Page 17, lines 3–4, 13, 15 | These portions reveal Plaintiffs' confidential information regarding components of their "road map" to building a unique agency business to sell global rail tickets. Disclosing them to the public in this context would provide a would-be competitor with the knowledge of what types of unique information Rail Ninja's database contains, what data the Harvester module collects, and other considerations and components they would need to develop in order to build a competing business, i.e. that they would need to develop databases, software modules or systems that perform the same functionality or include similar information, which information Plaintiffs do not believe is generally known in the industry. (*Id.* ¶¶ 6, 11.) |

| Material to Be Sealed | Reason(s) for Sealing |
|---|---|
| Page 11, lines 20, 22–28<br><br>Page 12, lines 1–7, 9–10, 12–13, 16, 20–28<br><br>Page 13, lines 1–11, 14, 16, 21<br><br>Page 15, line 28<br><br>Page 16, lines 1–3 | These portions reveal Plaintiffs' confidential information regarding their system of managing payments. Plaintiffs consider both the specific problems that their proprietary payment system addresses (which would not be readily apparent to outsiders) and the proprietary solutions developed to those problems to be highly confidential and of great value to their business. Disclosing this information to the public in this context would give competitors a head start in knowing what components a payment system for a successful agency business must have. (*Id.* ¶ 10.) In this context, it is also necessary to seal discussion of public sources because, if left unsealed, that discussion would reveal confidential information about Plaintiffs' payment scheme by implication. |
| Page 19, lines 16–17, 19–20<br><br>Page 20, lines 9–10 | These portions reveal highly confidential, specific information that is not generally known regarding specific advertising campaigns Plaintiffs have evaluated and their strategy for marketing experimentation, part of Plaintiffs' claimed Trade Secret 21. Disclosing them to the public in this context would provide a would-be competitor with a piece of Plaintiffs' confidential road map for building a successful agency business. (*Id.* ¶¶ 6, 11.) |
| Page 24, lines 1–14 | This portion reveals information that is not generally known about the collection of satellite websites Plaintiffs use. Although a member of the public may be able to identify certain satellite websites as associated with Rail Ninja, this portion reveals information about the *collection* of websites, which is confidential and part of Plaintiffs' claimed Trade Secret 29. |
| Plaintiffs' Trade Secret Identification (entire document) (Dkt. 121-3) | The document consists entirely of Plaintiffs' highly confidential descriptions of the trade secrets they assert in this case and other highly confidential business information. The public disclosure of Plaintiffs' trade secrets and other highly confidential business information would threaten to undermine trade secret protection and would cause a substantial risk of serious competitive harm to Plaintiffs, particularly because the document includes highly confidential information about a variety of aspects of Plaintiffs' business, which if disclosed collectively would provide competitors with a road map to replicating Plaintiffs' entire business. Sealing this exhibit to a non-dispositive motion, while the briefs are made largely accessible to the public, will have minimal effect on the public's interest in accessing the judicial record. |
| **Exhibit 2** to the [Proposed] Order (Plaintiffs' Opposition to Defendants' Motion to Compel | The Opposition discusses in depth Plaintiffs' descriptions of the trade secrets they assert in this case and other highly confidential business information. Plaintiffs assert that the public disclosure of Plaintiffs' trade secrets and other highly confidential business information would threaten to undermine trade secret protection and would cause a substantial risk of competitive harm, particularly because the Opposition includes highly confidential information about a variety of aspects of Plaintiffs' business, which if |

PLS.' RENEWED ADMIN. MOT. TO FUS (RESP. TO DKT. 134)

| Material to Be Sealed | Reason(s) for Sealing |
|---|---|
| Amended Trade Secret Disclosures), highlighted portions at: | disclosed collectively would provide competitors with a road map to replicating Plaintiffs' entire business. **Plaintiffs' specific reasons for sealing each highlighted portion are described further below.** |
| Page 1, line 11<br><br>Page 16, line 19 | These portions reveal information about the nature of Plaintiffs' relationships with rail carriers that would not be readily apparent to an outsider. Disclosing this information to the public in this context would give competitors an understanding of one of the key problems that Plaintiffs identified and had to solve in building their business. (Shirokov Decl. ¶ 7.) |
| Page 4, line 27 (fn.2) | This portion reveals information that is not generally known, and that is part of the compilation of information that Plaintiffs have gathered about rail carriers' ticketing windows. (*Id.* ¶ 8.) |
| Page 9, lines 15–18<br><br>Page 10, line 11<br><br>Page 11, lines 17–20 | These portions reveal Plaintiffs' confidential information regarding which geographic regions have been most profitable for Rail Ninja, and the categories of data Rail Ninja incorporates into its pricing model in order to maximize opportunity in those regions. Plaintiffs consider to be confidential and economically valuable not only how they use this information, but *which* categories and types of information they collect, as well as their conclusions about which regions are most profitable. (*Id.* ¶ 9.) |
| Page 12, line 26<br><br>Page 13, lines 9–11<br><br>Page 22, line 22 | These portions reveal confidential information regarding components of Plaintiffs' "road map" to building a unique agency business to sell global rail tickets. Disclosing them in this context would provide a would-be competitor with the knowledge of the considerations and components needed to build a competing agency business, *i.e.* that they would need to develop databases, software modules, and/or systems that perform the same functionality, which information is not generally known in the industry. (*Id.* ¶¶ 6, 11.) |
| Page 15, lines 10–12<br><br>Page 16, line 7<br><br>Page 18, lines 5–6 | These portions reveal confidential information regarding Plaintiffs' system of managing payments. Plaintiffs consider both the specific problems that their payment system addresses (which would not be readily apparent to outsiders) and the proprietary solutions developed to those problems to be highly confidential and of great value to their business. Disclosing this information in this context would give competitors a head start in knowing what components a payment system for a successful agency business must have. (*Id.* ¶ 10.) |

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Administrative Motion and enter the [Proposed] Order. If and when the Court approves the [Proposed] Order, Plaintiffs will be prepared to re-file appropriately redacted public copies of the Motion and Opposition.

Dated: January 28, 2026                Respectfully submitted,

                                       /s/ Thomas E. Bejin
                                       Benjamin K. Riley (CA SBN 112007)
                                         briley@bartkopavia.com
                                       Sony B. Barari (CA SBN 243379)
                                         sbarari@bartkopavia.com
                                       **BARTKO PAVIA LLP**
                                       1100 Sansome Street
                                       San Francisco, CA 94111
                                       Tel.: (415) 956-1900

                                       Thomas Bejin (*pro hac vice*)
                                         tbejin@taftlaw.com
                                       William K. Broman (*pro hac vice*)
                                         wbroman@taftlaw.com
                                       **TAFT STETTINIUS & HOLLISTER LLP**
                                       27777 Franklin Road, Suite 2500
                                       Southfield, Michigan 48034
                                       Tel.: (248) 351-3000

                                       Rachel S. Horn (CA SBN 335737)
                                         rshorn@taftlaw.com
                                       **TAFT STETTINIUS & HOLLISTER LLP**
                                       301 East Fourth Street, Suite 2800
                                       Cincinnati, Ohio 45202
                                       Tel.: (513) 381-2838

                                       *Attorneys for Plaintiffs/Counterclaim Defendants*
                                       *Vyacheslav Shirokov and Firebird GT Limited*

PLS.' RENEWED ADMIN. MOT. TO FUS (RESP. TO DKT. 134)