UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

|  |  |
|---|---|
| VYACHESLAV SHIROKOV, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEVELUP PRIVATE ENTERPRISE, et al.,<br><br>Defendants. | Case No.  25-cv-02701-EMC   (RMI)<br><br>**ORDER ON DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 137, 151 |

Before the court are two discovery Letter Briefs (dkts. 137 & 151). The disputes as presented are related to both the presiding judge's expectation that "Plaintiffs [] promptly produce to Defendants any documents comprising the trade secrets such as (but not limited to) source code, computer code, database files, etc," (Order of Dec. 12, 2025, Dkt. 126 at 3), and Judge Kim's Settlement Conference Order that "whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the Settlement Conference. Counsel shall cooperate in providing discovery informally and expeditiously," (dkt. 131 at 1). Unfortunately, counsel do not appear to be cooperating informally or expeditiously, and for the following reasons all the requests contained within the Briefs are denied.

As to Plaintiffs' prompt production of any documents comprising the trade secrets at issue, Defendants assert that they have identified 33 discrete deficiencies "consisting of representative native files, database exports, or documentation sufficient to demonstrate the claimed 'how' or implementation of each trade secret . . . and provided Plaintiffs with a chart identifying these thirty-three items and requested that Plaintiffs (1) produce the identified materials or (2) if no deficiency existed, to identify the relevant bates numbers." (Letter Br., Dkt. 151, at 3.) Plaintiffs

respond that they have produced the sensitive materials by making them available for inspection in their native format, or by exporting and producing PDF copies of relevant individual documents. (*Id*. at 5.) Defendants take umbrage with that production because the PDFs do not provide the underlying native data and argue that simply making the sensitive materials available for inspection is not production. Defendants are mistaken. Making sensitive materials, such as source code, available for inspection is a proper avenue of production. *See, e.g.*, N.D. Cal. Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, Section 7(c). Plaintiffs have offered to move such materials from Michigan to one of their Mountain West offices at Defendants' request. This, along with the production that has and is taking place, is sufficient to meet the expectations expressed by the presiding judge.

Plaintiffs on their end complain that Defendants are in violation of Judge Kim's Order that the parties engage in sufficient discovery such as to be prepared for the forthcoming ADR and seek an order from the undersigned requiring that Defendants immediately respond to certain interrogatories and requests for production. However, because this request is based on the need for such materials in advance of settlement preparations rather than the normal bases to compel such production, the request is not attendant with the normal accoutrements, such providing the undersigned with the relevance bases for the request, the actual RFPs or interrogatories, or even their description. In other words, the court has no idea what the requested discovery is and therefore the request is denied. All the court can say is that both sides have been instructed by Juge Kim that it is the "responsibility of *counsel*" (emphasis added) to ensure that settlement discovery is completed, and they have been ordered to "cooperate in providing discovery informally and expeditiously." (Order of Jan. 9, 2026, Dkt. 131 at 1.) If counsel violate Judge Kim's Order and waste her time, they expose themselves to her sanctions.

**IT IS SO ORDERED.**

Dated: February 17, 2026

ROBERT M. ILLMAN
United States Magistrate Judge