UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| VYACHESLAV SHIROKOV, et al., | Case No. 25-cv-02701-EMC  (RMI) |
| Plaintiffs, | |
| v. | **ORDER ON DISCOVERY LETTER BRIEF** |
| DEVELUP PRIVATE ENTERPRISE, et al., | Re: Dkt. No. 177 |
| Defendants. | |

Before the court is the parties' joint discovery Letter Brief. (Dkt. 177.) The court held a hearing on the matter on June 16, 2026. For the following reasons, the Letter Brief is GRANTED in Part and DENIED in part.[1]

In the first half of the Letter Brief, Plaintiffs assert that Defendants' technical production is incomplete. Defendants respond that Plaintiffs are seeking to expand the scope of discovery in this trade secret case where the essential putative trade secret is how the module collects information. In addition, Defendants stated that they "have offered to identify and map the produced materials Plaintiffs cannot identify." (Letter Br. 3, Dkt. 177.) However, at the hearing it was revealed that Defendants' offer was contingent on Plaintiffs performing a similar task with respect to their production. Beyond that, Defendants assert that they have complied with the court's instructions and Rule 26. Based on the presiding judge's previous rulings, the briefing, and the arguments

---

[1] As an initial matter, the court notes that the parties in this case have engaged in acrimonious discovery, each accusing the other of withholding material and failing to engage in good faith efforts to resolve issues. Indeed, the presiding judge has had to poke, prod, press, and prompt the parties to move them down the discovery path. This joint letter brief represents the parties' latest failure to act reasonably and responsibly and is a waste of both their and the court's resources.

United States District Court
Northern District of California

made at the hearing, the undersigned agrees. Defendants are ordered to carry out their offer to identify and map their production, without conditions, along with their offer related to the AutoBase production, but otherwise Plaintiffs' motion is DENIED as overbroad.[2]

In the second half of the Letter Brief, Defendants assert that while they have produced their implementations of all 33 of Plaintiffs' putative trade secrets, Plaintiffs' production deficiencies are substantial. Defendants then list five categories of materials that suffer deficient production. At the hearing, Plaintiffs addressed each of the five categories and represented that production is ongoing. Accordingly, the court GRANTS Defendants' request for an order and ORDERS that Plaintiffs must cure the deficiencies as identified in the Letter Brief, with substantial completion to occur by June 30, 2026. If, closer to that date, Plaintiffs determine the deadline is impossible as to certain categories of materials, Plaintiffs must identify the categories, explain why delay is unavoidable, and provide the court with a suggested extension of this Order.

Defendants also complain that Plaintiffs' production is insufficient in that they have produced non-source-code material by making it available for terminal review rather than through normal electronic production. Defendants are right in that non-source-code material should be normally electronically produced, but at the hearing Plaintiffs explained that they had made production in searchable .pdf formatted documents. Defendants did not reveal or explain why that might be insufficient. Accordingly, with the caveat instruction that non-source-code material should be normally electronically produced and simply making it available for terminal review is insufficient, the court DENIES Defendants' request to otherwise order Plaintiffs to cure their production.

**IT IS SO ORDERED.**

Dated: June 17, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

---

[2] As to Plaintiffs' argument that Defendants waived their objections because they waited to serve them until after the settlement conference, the court finds this to be without merit. As Defendants point out, the presiding judge instructed the parties to engage in expeditious and informal discovery in advance of the settlement conference. This was meant to be an efficient and harmonious exercise and not one in which the formal lodging of objections would be necessary.

United States District Court
Northern District of California

2