UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VYACHESLAV SHIROKOV, et al., | Case No.  25-cv-02701-EMC |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM MAGISTRATE JUDGE ORDER** |
| DEVELUP PRIVATE ENTERPRISE, et al., | |
| Defendants. | Docket No. 188 |

Pending before the Court is Plaintiffs' motion for relief from an order issued by Judge Illman. *See* Docket No. 183 (MJ Order). "When a magistrate judge issues an order on a non-dispositive matter, the district judge in the case 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *De Leon v. Clorox Co.*, No. 19-mc-80296-EMC, 2021 U.S. Dist. LEXIS 34791, at *8 (N.D. Cal. Feb. 24, 2021).  Plaintiffs have failed to show clear error or a result contrary to law.

At bottom, Plaintiffs seek the "complete Rail Monsters technical solution." Mot. at 5.  But Plaintiffs are not entitled to that.  The scope of discovery is tied to Plaintiffs' trade secret disclosure.  To the extent Plaintiffs argue that Defendants have not provided the Rail Monsters information in the categories covered by the trade secret disclosure, Judge Illman addressed that issue, requiring Defendants to map their production to the trade secret disclosure.  Implicitly, if there were gaps, those specific matters could then be brought to Judge Illman.  *See* Docket No.

/ / /

/ / /

/ / /

186-4 (Tr. at 19) ("[W]hy wouldn't you just identify a map and then if you have a dispute, come back to me and say, Hey, they were supposed to do this.").[1]

To the extent Plaintiffs fault Judge Illman for not specifically addressing the Shamos Declaration, *see* Mot. at 3 (stating that Judge Illman's order "does not mention Dr. Shamos's declaration or Plaintiffs' trade secret identification at all"), that is not dispositive. Judge Illman's approach made it unnecessary to address the Shamos Declaration point by point. Moreover, Plaintiffs themselves did not go through the Shamos Declaration point by point in their portion of the joint letter to Judge Illman. *See* Docket No. 177 (Jt. Letter at 1-2) (giving one example – code libraries – which "Plaintiffs' expert confirmed . . . have not been produced"; otherwise, simply stating that the Shamos Declaration "identifies further missing materials").

Accordingly, the Court **DENIES** Plaintiffs' motion. However, in the interest of ensuring that this case continues to move forward in a timely manner (under the existing schedule), the Court orders that Defendants serve their "map" on Plaintiffs within one week of the date of this order. The parties shall then meet and confer within one week thereafter regarding any gaps in Defendants' production, and within one week after that, file a joint letter with Judge Illman if there are any disputes. The Court advises Defendants that, given the Shamos Declaration, they already have a preview of where there are perceived gaps from Plaintiffs' point of view.

**IT IS SO ORDERED**.

Dated: July 1, 2026

_____
EDWARD M. CHEN
United States District Judge

---

[1] Although the entire transcript is currently under seal, this portion of the transcript does not warrant sealing.